UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MONIQUE HESTER JAMES, | ) | |
| | ) | Case No. 1:18CV0377 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD NUGENT |
| | ) | MAGISTRATE JUDGE DAVID A. RUIZ |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | REPORT AND RECOMMENDATION |

Plaintiff Monique Hester James ("James" or "claimant") challenges the final decision of Defendant Commissioner of Social Security ("Commissioner"), denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381 *et seq*. ("Act"). This court has jurisdiction pursuant to 42 U.S.C. § 405(g). This case is before the undersigned United States Magistrate Judge pursuant to an automatic referral under Local Rule 72.2(b) for a Report and Recommendation.

The issue before the court is whether the final decision of the Commissioner is supported by substantial evidence and, therefore, conclusive. For the reasons set forth below, the Magistrate Judge recommends that the Commissioner's final decision be affirmed.

I. PROCEDURAL HISTORY

On March 4, 2014, James filed an application for SSI benefits, alleging disability beginning October 1, 2013. (R. 10, Transcript ("tr."), at 10, 140-143, 181-191.) James's application was denied initially and upon reconsideration. *Id.* at 60-72, 73-83. Thereafter, James filed a request for a hearing before an administrative law judge ("ALJ"). *Id.* at 97-98. The ALJ held the hearing on April 7, 2016. (R. 10, tr., at 28-59.) James appeared at the hearing, was represented by counsel, and testified. (*Id.* at 30, 32-52.) A vocational expert ("VE") also attended the hearing and testified. (*Id.* at 30, 53-57.)

On December 7, 2016, the ALJ issued her decision, applying the standard five-step sequential analysis (R. 10, tr., at 10-22; *see generally* 20 C.F.R. § 416.920(a)) and concluded James was not disabled. *Id.* at 22. The Appeals Council denied James's request for review, thus rendering the ALJ's decision the final decision of the Commissioner. (R. 10, tr., at 1-3.) James seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). The parties have completed briefing in this case. James's raises legal issues arguing the ALJ's decision lacks substantial evidence and challenging the ALJ's hypothetical questions posed to the VE. (R. 11, PageID #: 1580.)

II. PERSONAL BACKGROUND INFORMATION

James was born in 1968, and was 46 years old, which is defined a younger individual age 45-49, on the date the application was filed. (R. 10, tr., at 21, 32,

2

140.) James has at least a high school education, is able to communicate in English, and has past work as a home health aide. (R. 10, tr., at 21, 32, 55, 184, 186.)

### III. RELEVANT MEDICAL EVIDENCE[1]

Disputed issues will be discussed as they arise in James's brief alleging error by the ALJ. As noted earlier, James applied for SSI benefits on March 4, 2014, alleging disability beginning October 1, 2013. (R. 10, tr., at 140-143.) James listed her physical or mental conditions that limit her ability to work as: "knee problems, back problems, diabetic, COPD." *Id.* at 185.

On October 10, 2014, James presented to Neha Vyas, M.D., complaining of anxiety. (R. 10, tr., at 644.) James reported that her nerves were "frazzled," she had crying spells, impatience, and insomnia with interrupted sleep. *Id.* She stated she had panic attacks daily, sometimes twice a day. *Id.* Dr. Vyas diagnosed claimant with anxiety, hypertension, diabetes, obesity, obstructive sleep apnea, fibromyalgia, and juvenile rheumatoid arthritis. *Id.* at 646. The doctor prescribed Celexa for anxiety and depression, discussed various treatment options and scheduled a follow-up appointment one month later to assess the medication. *Id.*

On March 15, 2016, treating physician Dr. Vyas filled out a one-page Treating Physician Questionnaire. (R. 10, tr., at 1526.) Dr. Vyas indicated that she

---

[1] The summary of relevant medical evidence is not intended to be exhaustive. It includes only those portions of the record cited by the parties and also deemed relevant by the court to the assignments of error raised.

3

had treated claimant since October 10, 2014, with office visits every 1-3 months. *Id.* The doctor indicated that James was diagnosed with anxiety, dermatitis, hypertension, diabetes mellitus ("DM") Type 2, edema, constipation, morbid obesity, and spinal stenosis. *Id.* Dr. Vyas opined that claimant was "probably not" able to function in a competitive work setting in an eight-hour workday, five days per week. *Id.* The doctor's objective and clinical findings identified "pain, limited mobility." *Id.*

State agency consulting physician Maureen Gallagher, D.O., M.P.H., completed a "Physical Residual Functional Capacity Assessment" on October 27, 2014. (R. 10, tr., at 67-69.) Dr. Gallagher determined James was capable of light work, with the ability to stand or walk about four hours, and sit for six hours, of an eight-hour workday. *Id.* at 67. Dr. Gallagher opined that James can never climb ladders, ropes, or scaffolds; can occasionally climb ramps or stairs, kneel, crouch, or crawl; and can frequently balance or stoop. *Id.* at 68. These postural limitations were due to claimant's significant degenerative changes in both knees, and mild degenerative disc disease in her lower back. *Id.* The doctor opined that James would need to avoid concentrated exposure to extreme cold or heat, and to fumes, odors, dusts, gases, poor ventilation, due to her chronic bronchitis. (R. 10, tr., at 68-69.) Dr. Gallagher noted that claimant was significantly overweight, and this contributes to her symptoms. *Id.* at 69.

In addition, Dr. Gallagher found that James' primary medically-determinable impairment ("MDI") was osteoarthritis and allied disorder, with a secondary MDI of

4

spine disorders. (R. 10, tr., at 66.) COPD and obesity also were determined to be severe MDIs, and diabetes mellitus was a non-severe impairment. *Id.* No mental impairments were indicated. *Id.*

On reconsideration dated December 5, 2014, state agency reviewing physician Steve E. McKee, M.D., concurred with Dr. Gallagher's physical RFC, with the added limitation that James was to avoid all exposure to hazardous machinery or unprotected heights. (R. 8, tr., at 78-81.) The same MDIs were listed on reconsideration, and again no mental impairments were indicated. *Id.* at 77-78.

## IV. ALJ's DECISION

The ALJ made the following findings of fact and conclusions of law in her December 7, 2016, decision:

1. The claimant has not engaged in substantial gainful activity since March 4, 2014, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: obesity, degenerative disc disease and osteoarthritis of the bilateral knees and lower left extremity, degenerative disc disease, asthma, and chronic obstructive pulmonary disease ("COPD") (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925, and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except she can lift and carry twenty pounds occasionally and ten pounds frequently; can stand and walk for four hours in an eight-hour workday and sit for six hours in an eight-hour workday; can never climb ladders, ropes, and

5

scaffolds; can occasionally climb ramps and stairs; can occasionally balance, stoop, and crouch; can never kneel or crawl; can have no exposure to extreme temperatures, concentrated levels of pulmonary irritants, unprotected heights or moving machinery; can reach in front, and can occasionally reach overhead; can handle, finger and feel.

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

6. The claimant was born on February 2, 1968, and was 46 years old, which is defined a younger individual age 45-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969, and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since March 4, 2014, the date the application was filed (20 CFR 416.920(g)).

(R. 10, tr., at 12, 15-16, 21, 22.)

## V. DISABILITY STANDARD

A claimant is entitled to receive SSI benefits only when she establishes disability within the meaning of the Social Security Act. See 42 U.S.C. §§ 423, 1381. A claimant is considered disabled when she cannot perform "substantial gainful

employment by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 416.905(a).

Social Security Administration regulations require an ALJ to follow a five-step sequential analysis in making a disability determination. *See* 20 C.F.R. § 416.920(a); *Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001). The Sixth Circuit has outlined the five steps as follows:

> First, the claimant must demonstrate that he has not engaged in substantial gainful activity during the period of disability. 20 C.F.R. § 404.1520(a)(4)(i). Second, the claimant must show that he suffers from a severe medically determinable physical or mental impairment. *Id.* § 404.1520(a)(4)(ii). Third, if the claimant shows that his impairment meets or medically equals one of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, he is deemed disabled. *Id.* § 404.1520(a)(4)(iii). Fourth, the ALJ determines whether, based on the claimant's residual functional capacity, the claimant can perform his past relevant work, in which case the claimant is not disabled. *Id.* § 404.1520(a)(4)(iv). Fifth, the ALJ determines whether, based on the claimant's residual functional capacity, as well as his age, education, and work experience, the claimant can make an adjustment to other work, in which case the claimant is not disabled. *Id.* § 404.1520(a)(4)(v).
>
> The claimant bears the burden of proof during the first four steps, but the burden shifts to the Commissioner at step five. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

*Wilson v. Commissioner of Social Security*, 378 F.3d 541, 548 (6th Cir. 2004); *see also* 20 C.F.R. § 416.920(a)(4).

7

VI. STANDARD OF REVIEW

Judicial review of the Commissioner's benefits decision is limited to a determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. *Blakley v. Commissioner of Social Security,* 581 F.3d 399, 405 (6th Cir. 2009)*; Richardson v. Perales,* 402 U.S. 389, 401 (1971). "Substantial evidence" has been defined as more than a scintilla of evidence, but less than a preponderance of the evidence. *Wright v. Massanari,* 321 F.3d 611, 614 (6th Cir. 2003); *Kirk v. Sec'y of Health & Human Servs.,* 667 F.2d 524, 535 (6th Cir. 1981). Thus, if the record evidence is of such a nature that a reasonable mind might accept it as adequate support for the Commissioner's final benefits determination, then that determination must be affirmed. *Wright,* 321 F.3d at 614; *Kirk,* 667 F.2d at 535.

The Commissioner's determination must stand if supported by substantial evidence, regardless of whether this court would resolve the issues of fact in dispute differently, or substantial evidence also supports the opposite conclusion. *Bass v. McMahon,* 499 F.3d 506, 509 (6th Cir. 2007); *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986). This court may not try the case *de novo,* resolve conflicts in the evidence, or decide questions of credibility. *Wright,* 321 F.3d at 614; *Garner v. Heckler,* 745 F.2d 383, 387 (6th Cir. 1984). The court, however, may examine all the evidence in the record, regardless of whether such evidence was cited in the Commissioner's final decision. *See Walker v. Sec'y of Health & Human Servs.,* 884

8

F.2d 241, 245 (6th Cir. 1989); *Hubbard v. Commissioner*, No. 11-11140, 2012 WL 883612, at *5 (E.D. Mich Feb. 27, 2012) (quoting *Heston*, 245 F.3d at 535).

## VII. ANALYSIS

James presents the following legal issues for the court's review:

1. The ALJ's Decision is not supported by substantial evidence because the hypothetical questions posed to the vocational expert failed to include Plaintiff's mental limitations.

> A. The ALJ's hypothetical question to the VE failed to include any mental limitations whatsoever, even omitting the mental limitations that the ALJ determined Plaintiff to have.
>
> B. The Decision is not supported by substantial evidence because the ALJ's hypothetical questions to the VE failed to consider Plaintiff's "non-severe" mental impairments.

(R. 11, PageID #: 1580.) The focus of claimant's allegations of error, then, center on the hypothetical question(s) that the ALJ asked the VE.

"In order for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments." *Ealy v. Commissioner,* 594 F.3d 504, 516 (6th Cir. 2010); *see also Pasco v. Commissioner of Social Sec.*, No. 03-4358, 2005 WL 1506343, at *14 (6th Cir. June 23, 2005); *Varley v. Secretary of HHS,* 820 F.2d 777, 779 (6th Cir. 1987) (citing cases). Hypothetical questions need only incorporate those limitations which the ALJ has accepted as credible. *Parks v. Social Sec.*

9

*Admin.*, No. 09-6437, 2011 WL 867214, at *9 (6th Cir. March 15, 2011); *Casey v. Secretary, HHS*, 987 F.2d 1230, 1235 (6th Cir. 1993) (per curiam).

At Step Two, the ALJ found that claimant has severe impairments of "obesity, degenerative disc disease and osteoarthritis of the bilateral knees and lower left extremity, degenerative disc disease, asthma, and [COPD]." (R. 10, tr., at 12.) The ALJ noted that James was diagnosed with anxiety in October 2014, but determined that the medical evidence of record since that time contained consistent reports reflecting normal mood, affect, and demeanor. *Id.* at 13 (citing MER). Review of the cited treatment notes reveals no further issues with anxiety. *See, e.g.*, *id.* at 770 ("B16F/171," "negative for depression anxiety"), 848 ("B16F/249," "negative for depression anxiety"), 1278 ("B22F/21," "negative for depression anxiety"). The ALJ found her anxiety a non-severe impairment because it "appears to be controlled by psychiatric medication, and apparently causes no more than minimal limitation in her ability to perform mental work activities." *Id.* at 13; *see, e.g.*, *id.* at 1276, 1278 (medication improves anxiety). An impairment can properly be considered non-severe if it is only a slight abnormality that minimally affects work ability. *Anthony v. Astrue*, 266 Fed. Appx 451, 457 (6th Cir. 2008) (quoting *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988)). The claimant does not provide any evidence to the contrary. *See generally* R. 11, PageID #: 1580.

In finding claimant's anxiety to be a non-severe impairment, the ALJ considered the four functional areas of Listing 12.00C, the "paragraph B" criteria. (R. 10, tr., at 13.) The ALJ concluded that James had mild limitations in activities

10

of daily living, social functioning, and concentration, persistence or pace. *Id.* at 13-14. James had experienced no episodes of decompensation of extended duration, as the ALJ noted. *Id.* at 14. Because her MDI of anxiety causes no more than mild limitations in any of the first three functional areas, with no episodes of decompensation, the ALJ properly determined it was non-severe. *Id.* If the claimant's degree of limitation is none or mild, the ALJ will generally conclude the impairment is not severe, "unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities." *Griffeth v. Commissioner*, No. 06-1236, 2007 WL 444808, at *3 (6th Cir. Feb. 9, 2007) (quoting 20 C.F.R. § 404.1520a(d)).

Although claimant disagrees with the finding that her anxiety is non-severe (R. 11, PageID #: 1581), she does not specifically contest any of the "paragraph B" determinations, nor does she cite to any record evidence that supports more severe limitations (*id.* at 1580-1581). James bears the burden to show a severe mental impairment by medical evidence. *See, e.g., Griffith v. Commissioner*, No. 13-6570, 2014 WL 3882671, at *3 (6th Cir. Aug. 7, 2014) (citing 20 C.F.R. § 416.908). However, James does not point to any medical opinion or other record evidence that indicates her anxiety would cause work-related functional limitations. Opinion evidence by the treating physician Dr. Vyas simply indicated that any work limitations would be based on the claimant's "pain [and] limited mobility," not her anxiety. (R. 10, tr., at 1526.)

11

On her application, James did not list a mental condition among those that limit her ability to work.[2] (R. 10, tr., at 185.) During the hearing, the ALJ asked James "why you feel you would be unable to work," and she responded that her "body is not functioning like it used to be," she is stiff most of the time, with swollen feet. *Id.* at 40. She testified that her arthritis is getting worse, and her back, hands and wrists hurt. *Id.* James said she was diagnosed with carpal tunnel syndrome and fibromyalgia (*id.* at 40, 44), but she did not testify to any mental impairment that caused an inability to work. (*See generally id.* at 46-52.) She did testify to taking Celexa (citalopram) for anxiety and Trazodone for sleeping (*id.* at 44), but stated although she takes medicine for anxiety, she did not pursue therapy or other treatment. *Id.* at 46. Moreover, ALJ posed two hypothetical questions to the VE that did not include any limitations based on mental impairment, and Plaintiff did not object or seek to modify the questioning. *Id.* at 55-57.

James, nonetheless, contends that "once any one impairment is found to be severe, the ALJ must consider both severe and non-severe impairments in the subsequent steps." (R. 11, PageID #: 1581, purportedly quoting *Anthony*, 266 Fed. Appx at 457.) No such language appears in *Anthony*, however. The Sixth Circuit, on the cited page, stated that the ALJ found the claimant had severe impairments, and:

> Anthony therefore cleared step two of the analysis. This caused the
> ALJ to consider Anthony's severe and nonsevere impairments in the

---

[2] She listed only physical conditions: "knee problems, back problems, diabetic, COPD." *Id.* at 185.

12

> remaining steps of the sequential analysis. The fact that some of Anthony's impairments were not deemed to be severe at step two is therefore legally irrelevant. *See Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987) (holding that the failure to find that an impairment was severe was harmless error where other impairments were deemed severe). The ALJ, therefore, did not commit reversible err in this regard.

*Anthony,* 266 Fed. Appx at 457. The *Anthony* case does not support what claimant argues here, namely, that the ALJ's hypothetical questions were incomplete.

James also argues that SSR-96-8p requires consideration of the impact of both severe and non-severe impairments on the ability to work. (R. 11, PageID #: 1581.) Immediately following the ALJ's discussion of the "paragraph B" criteria, the ALJ specifically stated that she had "considered the effects of all of the above impairments, both severe and non-severe, in the determination of the claimant's residual functional capacity, pursuant to 20 CFR 416.945(a)(2)." (R. 10, tr., at 14.) The court finds that the ALJ's consideration of the claimant's anxiety is sufficient and evident in the decision.

Further, James asserts that "the fact that [her] mental impairments were found to be non-severe does not absolve the ALJ of her duty to include them in the hypothetical to the VE." (R. 11, PageID #: 1581.) An ALJ's determination that a claimant has only mild mental limitations does not require inclusion of mental limitations in the RFC or, therefore, in the hypothetical questions to the VE. *White v. Commissioner,* No. 2:17CV1063, 2018 WL 5303060, at *5 (S.D. Ohio Oct. 25, 2018), adopted by 2018 WL 6271593 (S.D. Ohio Nov. 30, 2018) (citing cases); *see also Boley v. Astrue,* No. 11-10896, 2012 WL 680393, at *14 (E.D. Mich. Feb. 10, 2012),

13

adopted by, 2012 WL 680392 (E.D. Mich. Mar. 1, 2012). Moreover, the hypothetical question need only reference a claimant's limitations, without referencing the claimant's medical conditions. *Webb v. Commissioner*, 368 F.3d 629, 633 (6th Cir. 2004) (citing *Foster v. Halter*, 279 F.3d 348 (6th Cir. 2001), and *Varley*, 820 F.2d at 780); *see also Brantley v. Commissioner*, 637 Fed. Appx 888, 897 (6th Cir. 2016) (hypothetical need not include comprehensive list of claimant's medical conditions, citing *Webb*).

The court does not find merit in the claimant's argument that the hypothetical questions posed to the vocational expert were lacking. The RFC is the most an individual can still do despite her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). James does not point to any opinion evidence that she has functional or vocational limitations based on her anxiety. The VE's testimony was that James, given the ALJ's hypothetical limitations, was able to perform sedentary work as an "unskilled order clerk, food and beverage" with "National labor market statistics, 190,000" and in the "State of Ohio, 11,000[;]" a "call out operator" with "National labor statistics, 52,000" and in the "State of Ohio, 5,000[;]" and a "Charge account clerk," with "National labor statistics, 191,000" and in the "State of Ohio, 9,800." (R. 10, tr., at 55-56.) The ALJ's hypothetical questions incorporated the limitations which the ALJ accepted as credible, thus there is no error here. *See generally Parks*, 2011 WL 867214, at \*9; *Casey*, 987 F.2d at 1235.

14

## VIII.  CONCLUSION

For the foregoing reasons, the court finds that the Commissioner's final decision is supported by substantial evidence and recommends that decision be affirmed.

s/ David A. Ruiz
David A. Ruiz
United States Magistrate Judge

Date:   January 14, 2019

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of mailing of this notice.  Failure to file objections within the specified time may waive the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *see also United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

15